**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

VINCENT JOHNSON,                :
            Petitioner      :
                         :
         v.              :        No. 04-411
                         :
DONALD KELCHER, et al.,      :
            Respondents   :

**<u>MEMORANDUM</u>**

**GREEN, S.J.**                                   **September**           **, 2005**

               Presently pending is the petition for writ of habeas corpus, the Report and Recommendation (the "Report") of United States Magistrate Judge Thomas J. Rueter, and Petitioner's Objections thereto.   Also pending is Petitioner's Motion for Stay/Abeyance Pending the Outcome of Petitioner's PCRA Petition.  Petitioner objects to the Magistrate's conclusion that Petitioner's second petition for writ of habeas corpus relief was untimely filed and must be dismissed. Petitioner's objections to the Report are extensive, and for clarity's sake, the court has categorized the objections as follows.  Petitioner's first set of objections pertain to perceived procedural mistakes allegedly made by the Magistrate Judge.  Specifically, Petitioner argues that the process under which his petition was reviewed is flawed because the Magistrate Judge did not have opportunity to review the transcripts and other exhibits Petitioner submitted after the filing of the petition.  He also argues that he was not given an opportunity to reply to the Respondent's motion to dismiss his petition before the Magistrate Judge issued the Report.  Petitioner also argues the instant petition is not time barred because the state misled him by failing to provide all exculpatory evidence, namely the statement of Larry King and other statements contained in a homicide binder.  He asserts that this allegedly crucial and exculpatory information was not available to him and therefore he is not time-barred.  Petitioner further claims he meets the standard of being "actually innocent" due to constitutional violations, in that the Commonwealth of Pennsylvania allegedly threatened Mr. King if he testified on Petitioner's behalf.  He finally argues that any procedural default should be excused because he is actually innocent of this crime for which he was convicted.   For the reasons set forth below, Petitioner's

Objections will be overruled and the Report will be approved.  Petitioner's Motion for Stay/Abeyance

Pending the Outcome of his PCRA Petition will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted of first degree murder and two counts of attempted

aggravated robbery in March 1973. He was sentenced to a term of years for the robbery conviction

and to life imprisonment for the murder conviction, the terms to run concurrently.  The conviction was

affirmed by the Pennsylvania Supreme Court in October 1974.  In January 1981, Petitioner filed his

first petition for collateral relief under Pennsylvania's Post Conviction Hearing Act ("PCHA").  The

PCHA court denied the petition.  The Superior Court of Pennsylvania reversed the PCHA court and

ordered a new trial.  On October 15, 1987, however, the Supreme Court of Pennsylvania reversed the

Superior Court and reinstated the conviction and sentence.

In April 1997 Petitioner filed his first petition for a writ of habeas corpus in this court.

In January 1998, the petition was dismissed.  Petitioner appealed that dismissal and the Court of

Appeals for the Third Circuit affirmed the dismissal in August 2000.  In April 2000, Petitioner filed a

second petition for collateral relief in Pennsylvania state court pursuant to the Post Conviction Relief

Act ("PCRA").  The PCRA court dismissed the petition as untimely and said dismissal was ultimately

upheld by the Supreme Court of Pennsylvania in December 2002.

On November 20, 2003 Petitioner sought from the Court of Appeals for the Third

Circuit permission to file a second or successive habeas petition.  In December 2003, the Court of

Appeals for the Third Circuit granted Petitioner's request to file a second or successive habeas

petition.  In its order the Court of Appeals directed Petitioner "to focus the petition primarily on the

allegation that the District Attorney's Office failed to disclose the arguably favorable evidence that

[Larry] King asserted before the Board of Pardons that he was threatened by the prosecutor if he

testified and that, in an interview with the Pennsylvania Board of Probation and Parole, King had

asserted that Johnson was innocent of murder."  In re Vincent Johnson, C.A.  No. 03-4297.  Petitioner

filed a second petition for writ of habeas corpus relief in this court on January 29, 2004 which included ten grounds for relief, most of which do not focus on Larry King's allegations.[1]

**DISCUSSION**

A petition for habeas corpus relief will not be granted unless the Petitioner can establish that the state court's determination of his claims resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established federal law..., or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Williams v. Taylor, 529 U.S. 362, 130 C. Ct. 1495, 1504 (2000). For habeas corpus review, a state court's factual findings "shall be presumed to be correct," and a habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Berryman v. Morton, 100 F.3d 1089 (3d Cir. 1996).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), became effective on April 26, 1996. It provides applicants with a one-year period of limitation from its effective date, or the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of time to seek such review, within which to file a petition for writ of habeas corpus. Accordingly, applicants convicted prior to April 26, 1996 had until April 26, 1997 to timely file a petition for writ of habeas corpus. See, Miller v. New Jersey State Dep't of Corrections, 145 F.3d 615, 617-18 (3d Cir. 1998). The statute also provides that a properly filed application for state post-conviction

---

[1]Petitioner's claims for relief are based upon the following grounds: (Ground One) the Prosecutor threatened to charge Larry King with murder if he testified in favor of Petitioner; (Ground Two) when appearing before the Pennsylvania Parole Board, Larry King stated that he knew that Petitioner had not commited the murder because Petitioner was with Mr. King the entire evening of the murder; (Ground Three) the Prosecutor suppressed evidence in that the District Attorney's office obtained allegedly crucial and exculpatory statements from witnessess but did not provided the statements to Petitioner until 2000; (Ground Four) the Prosecutor failed to disclose that its sole witness had a history of prior crimes, (Ground Five) the Prosecutor knowingly withheld unfavorable polygraph results of its witnesses; (Ground Six) the police made prejudicial remarks during trial that effected the jury's verdict; (Ground Seven; trial counsel was ineffective for failing to file a pre-trial statement; (Ground Eight) trial counsel was ineffective for failing to request statements of other witnesses made to District Attorney; (Ground Nine) trial counsel was ineffective for failing to obtain statements of asserted alibi witnesses; (Ground Ten) the trial judge committed error in stating that trial counsel made no requests for the production of prior statements by certain witnesses.

relief shall be counted toward any period of limitation under the statute, thereby effectively tolling the statute during the pendency of any PCRA claims.  Petitioner was convicted in 1973 and direct review of his conviction concluded in 1975.  Therefore, Petitioner's one year statute of limitations began to run on AEDPA's effective date, April 26, 1996 and expired on April 26, 1997.  The one year limitations period, however, must be tolled for the time during which any PCHA or PCRA petitions were pending.

Although Petitioner filed a PCHA petition in 1981 - the review of which concluded on October 15, 1987 - he filed no other petitions for collateral review until April 21, 1997 when he filed his first petition for a writ of habeas corpus relief in this court.  At that point three hundred, sixty-two days of the three hundred, sixty-five day limitations period had run.  The Supreme Court has held that the filing of a federal habeas petition does not toll AEDPA's  limitations period and that only applications for State post-conviction or other collateral review will do so.  Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001).  Therefore, Petitioner's first habeas petition did not toll the running of the statute of limitations period.  The limitations period expired on April 26, 1997.  The instant petition was not filed until January 2004.  Pursuant to Jones v. Morton, 195 F.3d 153, 159 (3d. Cir. 1999), the limitations period may only be equitably tolled when the state has actively misled the petitioner, or if there are extraordinary circumstances that prevented petitioner from asserting his rights, or if petitioner timely asserted his rights, but in the wrong forum.[2]

Construing his Objections liberally, Petitioner argues that the state actively misled him and also that extraordinary circumstances prevented him from asserting his rights.  Specifically, Petitioner argues that the District Attorney withheld the exculpatory statements of other witnesses and also that his belated discovery of the District Attorney's alleged threats against Larry King prevented

---

[2]Even if this court were to determine that Petitioner's first habeas petitioner was the timely assertion of his rights, but in a wrong forum, that petition was filed on April 21, 2007 - only 5 days prior to the expiration of the statute of limitations.  Therefore, assuming arguendo that the first habeas petition tolled the statute of limitations, review of that petition concluded on September 31, 2000.  The instant petition would have had to been filed on or before October 4, 2000.  Although Petitioner filed a PCRA petition on April 27, 2000 arguably further tolling the limitations period, review of that petition concluded on August 27, 2003.  Because only three days remained in the limitations period, under this scenario the instant petition was required to have been filed on or before September 2, 2003 (August 30, 2003 fell on a weekend and September 1, 2003 was a federal holiday).  Petitioner did not seek permission to file the instant petition until November 20, 2003.  Thus, he would still be time barred.

Petitioner from asserting his rights.  At the latest Petitioner became aware of Larry King's claims when Mr. King testified at Petitioner's Parole Board commutation hearing in May 1998.  At that time Mr. King stated that he did not testify at Petitioner's trial because an Assistant District Attorney informed him that if he did so, he would be charged in the murder.  Therefore, in May 1998 Petitioner had first-hand knowledge of Mr. King's assertions and was required to diligently pursue any claims based on Mr. King's assertions at that time.[3]  As noted in the Superior Court of Pennsylvania's opinion concerning Petitioner's PCRA petition, Petitioner did not present any claims based upon Mr. King's assertions to any court until he filed his second state post-conviction in April 2000.   The Superior Court affirmed the dismissal of that petition finding that those claims, as well as the claims based on the evidence obtained from the homicide binder were time barred.  Comm. v. Johnson, 817 A.2d 1179 (Pa. Super. Ct. 2002).  The court found that these claims are procedurally defaulted due to untimeliness.  Id. Once a petitioner has procedurally defaulted, he must establish cause and prejudice sufficient to excuse his failure to adhere to the established procedural guidelines.  See, Schulp v. Delo, 513 U.S. 298, 316, 115 S.Ct. 851, 861 (1995).  After the procedural default, his alleged constitutional violations can only be reviewed if his claims fall within the narrow class of cases implicating a fundamental miscarriage of justice.  Id.  Petitioner has not established cause and prejudice sufficient to establish his failure to adhere to the state's deadlines.

Notably, Mr. King wrote a letter detailing these allegations on September 7, 1996 well before the expiration of AEDPA's April 26, 1997 limitations period.  The claims concerning Mr. King were raised in Petitioner's first habeas petition, but dismissed because they had not first been raised in state court.  This court approved and adopted the Report and Recommendation of Magistrate Judge Rapoport which stated that the claims could not be considered in this court since they had not first been presented in state court.  Petitioner did not, however, raise the claim of actual innocence

---

[3]In May 1998, Petitioner's first habeas petition was pending in this court.  Review of that petition did not conclude until August 2000.  However, that petition did not toll any state statute of limitations periods for filing a PCRA petition based on the newly discovered statements of Mr. King.  It should be noted that Petitioner filed a second post-conviction petition pursuant to the PCRA in April 2000 - before the conclusion of review of his first habeas petition - in which he included claims based upon Mr. King's statements and also based upon evidence discovered in the homicide binder he obtained in February 2000.

based on Mr. King's allegations in state court until he filed a second PCRA petition in April 2000, after receipt of additional allegedly exculpatory information contained in the homicide binder provided to his legal advocates in February 2000.   Petitioner has not provided the court with any reason for the delay in timely presenting his claims based on Mr. King's allegations to the state court.  Mr. King's letter was written in 1996, he testified at a parole board hearing in 1998, yet Petitioner did not present these claims to the PCRA court until April 2000.  Additionally, the Pennsylvania Superior Court found that Petitioner's claims regarding the other witness statements and evidence discovered in the homicide binder obtained by Petitioner in February 2000 were also untimely because Petitioner did not present them to the PCRA court within 60 days of discovery of the statements.  Consequently, the claims are procedurally defaulted and do not fall within the narrow class of cases implicating a fundamental miscarriage of justice.

Petitioner also claims that he is actually innocent of the crimes for which he was convicted.  However, as the Magistrate Judge correctly noted in the Report, neither the Supreme Court of the United States, nor the Court of Appeals for the Third Circuit has recognized an "actual innocence" exception to the statue of limitations.  Report at 6.  On the record before it, this court declines to make such an exception at this time.  Petitioner further objects to the report because it was issued before he responded to the motion to dismiss and because the Magistrate Judge did not have an opportunity to review the transcripts and exhibits Petitioner supplied after the Report was filed.  This court, however, is conducting a de novo review of the instant petition and has considered both Petitioner's response to the motion to dismiss as well as the transcripts and exhibits provided.  However, a review of  the transcripts, exhibits, and Petitioner's response to the motion to dismiss do not lead this court to a different conclusion; his claims are time barred.  Finally, Petitioner objects to the Report on several other grounds.  All of the remaining objections are related to claims previously raised in either Petitioner's PCHA, PCRA or first habeas petition.  The claims were dismissed and cannot be addressed on the merits herein.  Therefore, the court will approve the Report.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VINCENT JOHNSON, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 04-411 |
| | : | |
| DONALD KELCHER, et al., | : | |
| Respondents | : | |

## <u>ORDER</u>

**AND NOW**, this        day of September 2005, after careful and independent

consideration of the petition for a writ of habeas corpus, Petitioner's Objections and the response

thereto, the other documents in the record and after review of the Report and Recommendation of

Thomas J. Rueter, United States Magistrate Judge, **IT IS HEREBY ORDERED** that::

  1.     Petitioner's Objections are **OVERRULED**;

  2.     The Report and Recommendation is **APPROVED** and **ADOPTED**;

  3.     The petition for a writ of habeas corpus is **DISMISSED** as time barred;

  4.     Petitioner's Motion for Entry of Default (Doc. No. 14) is **DENIED**;

  5.     Petitioner's Motion for Stay/Abeyance Pending Outcome of Petitioner's PCRA

         Petition of January 2004 (Doc. No. 19) is **DENIED**; and

  6.     A certificate of appealability is not granted.

BY THE COURT:

S/_____
Clifford Scott Green, S.J.